█ KENNETH CLARK, an Infant, by VIOLET CLARK, His Guardian ad Litem, Appellant, v. BERNARD D. ERSKEN et al., Respondents. VIOLET CLARK, Appellant, v. BERNARD D. ERSKEN et al., Respondents.— Appeal from an order of a Trial Term of the Supreme Court, Greene County. Defendants are the owners of a building in Catskill and occupy the first two floors, while the infant plaintiff and his mother, also a plaintiff lived on the third floor. There is a wooden outside stairway in the rear of the building used in common by the occupants for access to the upper floors. There are handrails which do not go to the bottom of the stairway. Instead they end short of the bottom. Testimony shows the handrails stop approximately above the edge of the tread of the third step from the bottom; so that in the area of the last three steps as one descends the stairway, the space on each side is entirely open. There is proof that this is not in accordance with general construction practice in Catskill and that the practice is to run a handrail from the top to the upper edge of the bottom tread. There was an additional hazard shown in the area in which the handrail did not extend. The stairway itself ended on the top of a concrete retaining wall, which on one side dropped 30 inches below the level of the bottom of the stairway. Thus, if one fell through the open space at the lower end of the stairway beginning at the third tread, the fall would be not merely to a level point at the bottom of the stairway, but to a point 30 inches deeper. Infant plaintiff testified that in using the stairway he had his hand on the railing " then all of a sudden there was no railing there and my hand went off the end of the railing * * * Then I lost my balance ". He testified he fell into the area at the bottom of the retaining wall. The case was submitted to

the jury which disagreed; and thereafter the court granted a reserved motion and dismissed the complaint. We think the question was for the jury. Whether the termination of the railing short of the bottom of the stairs with the hazard increased by the existence of the additional 30-inch drop to the bottom of the retaining wall in this area was negligence; and whether this, or some other cause, were factors in the infant plaintiff's injuries seem to us to be open questions of fact which ought not be resolved as a matter of law. Judgment reversed on the law and a new trial ordered, with costs to abide the event. Settle order. Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur.